## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DANIEL WEBB,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **3:23-cv-1287 (VAB)** |
| | : | |
| **DANIEL DAUGHERTY, WARDEN,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |

## INITIAL REVIEW ORDER

Daniel Webb ("Plaintiff"), is a sentenced inmate who has been in the custody of the Department of Correction ("DOC") since August 1989.

On September 29, 2023, he filed this civil rights Complaint under 42 U.S.C. § 1983 against three DOC employees who worked at MacDougall-Walker Correctional Institution ("MWCI"): Property Officer Burnes and current and former wardens Daniel Daugherty and Kristine Barone. Compl., ECF No. 1. In it, he asserted violations of his Fourteenth Amendment due process and equal protection rights arising from his property deprivation after he transferred to MWCI in April 2021. *Id.*

On December 22, 2023, the Court dismissed Mr. Webb's original Complaint on initial review but permitted Mr. Webb to file an Amended Complaint in this action. Initial Review Order, ECF No. 11 ("IRO"). After the Court granted an extension of time, Mr. Webb had until April 26, 2024, to file his amended complaint. *See* Order, ECF No. 16.

Mr. Webb filed a timely Amended Complaint against four new defendants, Correction Officer Forynicrz, Correction Officer Senito, Dr. Ryan Miller, and Dr. Juan Sebastian Ramos.

1

Am. Compl., ECF No. 18 (Mar. 27, 2024) ("Am. Compl."). Mr. Webb's Amended Complaint asserts violation of his Ninth and Fourteenth Amendment rights under the United States Constitution, arising from his treatment during a medical examination on February 26, 2019.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the Amended Complaint and conducted an initial review of the allegations therein under 28 U.S.C. §1915A.

For the following reasons, Mr. Webb's Amended Complaint is **DISMISSED**.

He may file a Second Amended Complaint by **June 28, 2024**. Any such Second Amended Complaint may only involve the deliberate indifference claim raised in the Amended Complaint and no other claims, and must allege facts suggesting that the statute of limitations period for this deliberate indifference claim should be tolled.

I.      DISCUSSION

Mr. Webb's original Complaint alleged constitutional violations arising from his property loss after his transfer to MWCI in April 2021. He now brings an Amended Complaint asserting constitutional claims arising from his medical examination on February 26, 2019, before his transfer to MWCI against new defendants. As an initial mater, "an amended complaint is intended to clarify or amplify the original cause of action, not add new causes of

action." *Castellano v. Trump*, No. 3:17-CV-381(MPS), 2017 WL 4401451, at *1 (D. Conn. Sept. 29, 2017) (citing *Wilson v. McKenna*, No. 3:12-CV-1581(VLB), 2015 WL 1471908, at *14 (D. Conn. Mar. 21, 2015)). Thus, Mr. Webb's Amended Complaint alleging new causes of action against entirely new defendants is problematic.

In any event, Mr. Webb's Amended Complaint also fails because of the expiration of the statute of limitations.

### A.     The Relevant Statute of Limitation Period

A federal court must look to state law to determine the applicable statute of limitations in a section 1983 lawsuit. In Connecticut, that period is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that the three-year personal-injury statute of limitations period set forth in Conn. Gen. Stat. § 52–577 is the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983). Federal law, however, controls when the cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.").

Under established precedent in the Second Circuit, the accrual date for section 1983 actions occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (cleaned up); *see also Levy v. BASF Metals Ltd.*, 917 F.3d 106, 108 (2d Cir. 2019) (explaining that, in determining when a claim accrues, the "relevant inquiry" is not whether a party has "discovered the identity of the defendants," but rather whether the party is aware of the injury); *Traore v. Police Off. Andrew Ali Shield*, 2016 WL 316856, at *5 (S.D.N.Y. Jan. 26, 2016) (deliberate medical indifference claims accrue when the sought medical treatment is denied).

At the earliest, Mr. Webb filed the Amended Complaint on March 25, 2024, the date on which he signed it.[1] Absent any tolling, any claim that accrued before March 25, 2021, is time-barred.

Mr. Webb's Amended Complaint alleges that he had a medical examination on February 26, 2019, by Drs. Miller and Ramos. He claims that he was restrained and unclothed during the examination, that Correctional Officers Forynicrz and Senito refused to provide Mr. Webb with any privacy during that examination, and that Drs. Miller and Ramos refused to implement any measures to protect his privacy. Am. Compl., ¶¶ 9–15. He maintains that all four Defendants violated his constitutional rights to privacy and acted with deliberate indifference to his pain and suffering. *Id.* ¶ 16.

All of the conduct by Defendants as alleged in the Amended Complaint occurred more than three years before Mr. Webb filed his claim. Further, it is clear from the allegations of the Amended Complaint that Mr. Webb was aware at the time of February 26, 2019, of the alleged conduct allegedly in violation of his constitutional rights. As a result, Mr. Webb's claims of constitutional violation arising from this conduct accrued well before March 25, 2021.

Accordingly, the claims alleged in Mr. Webb's Amended Complaint are time barred.

Equitable tolling does not apply to any of the claims in Mr. Webb's Amended Complaint. The doctrine of equitable tolling—which is applied in both federal and Connecticut state courts,

---

[1] A *pro se* prisoner's complaint is deemed filed at the moment of delivery to prison authorities for forwarding to the district court. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). Courts in this Circuit have assumed that a prisoner hands his or her petition or complaint to a prison staff member to be mailed or e-filed to the court on the date that the prisoner signed it. *See Lehal v. Cent. Falls Det. Facility Corp.*, 2019 WL 1447261, at *19 (S.D.N.Y. Mar. 15, 2019) ("In the absence of other evidence as to when the prisoner actually delivered his complaint to prison officials, the court assumes that a *pro se* plaintiff hands his complaint to prison officials for mailing on the date in which he signs it.").

*see Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *Wiele v. Bd. of Assessment App.*, 119 Conn. App. 544, 554 (2010)—"permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Chao v. Russell P. LeFrois Builder*, 291 F.3d 219, 223 (2d Cir. 2002) (cleaned up). Tolling provisions for section 1983 actions derive from state law. *See Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) ("Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled . . . ."). Connecticut law permits tolling of the statute of limitations due to a continuous course of conduct or fraudulent concealment of the cause of action by the defendants. *See Macellaio v. Newington Police Dep't*, 145 Conn. App. 426, 429 (2013).

Here, Mr. Webb's allegations do not support tolling on the basis of either (1) a continuous course of conduct or (2) fraudulent concealment. No alleged facts indicate that Mr. Webb retained a continuing medical treatment relationship with the Drs. Miller or Ramos and suggest that they owe him a continuing duty related to his medical care. Nor has he alleged facts to suggest that Correction Officer Forynicrz or Correction Officer Senito owed him any continued duty related to the medical examination on February 26, 2019. In addition, Mr. Webb does not provide facts to support an inference that any Defendant intentionally concealed any fact from him.

Accordingly, as the doctrine of equitable tolling is inapplicable to Mr. Webb's Amended Complaint, his Amended Complaint must be dismissed as time barred.[2]

---

[2] Even if Mr. Webb's Amended Complaint claims fall withing the statute of limitation under the filing date of the original Complaint, such claims do not relate back to the original Complaint under Federal Rule 15(c)(1)(C). Once a statute of limitations has expired, a plaintiff may amend his Complaint to add new parties "only if the amendment would 'relate back' to the date he filed his original complaint." *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). "Amended pleadings that meet the requirements of Rule 15(c) are considered to 'relate back' to the date of the original complaint." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing Fed. R. Civ. P. 15(c)). Notably, for an amended complaint adding a new party to relate back under Rule 15(c)(1)(C), "(1) the claim must

**B.        Supplemental Jurisdiction**

To the extent Mr. Webb alleges any claims under state law, the Court declines to exercise supplemental jurisdiction over any such claims as all federal claims in this action are dismissed as not plausible. *See* 28 U.S.C. § 1367(c)(3) (providing that the court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it has original jurisdiction).

Accordingly, any state law claims are dismissed without prejudice to refiling in state court.

**C.        Leave to Amend**

Generally, a court should not dismiss claims contained in a complaint filed by a litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). "Where it appears that

---

have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within [90] days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period." *Fraser v. Caribe*, No. 3:20-CV-00071 (SVN), 2022 WL 1210720, at *3 (D. Conn. Apr. 25, 2022) (citing *Hogan*, 738 F.3d at 517). Here, Mr. Webb's Amended Complaint fails the first requirement because the claims of the Amended Complaint bear no relationship to the alleged conduct underlying his property deprivation claim in the original Complaint.

granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Here, after already having been provided an opportunity to amend his original Complaint, Mr. Webb filed an Amended Complaint, including only new causes of action against new Defendants rather than allegations to correct or clarify the claims of his original one. As a result, all of the federal claims from his original Complaint, the Fourteenth Amendment due process and equal protection claims, as well as the First Amendment retaliation claim, are dismissed with prejudice. As for the deliberate indifference claim, raised for the first time in this Amended Complaint and dismissed herein on statute of limitations grounds, the Court will provide an additional opportunity for Mr. Webb to allege facts suggesting that the statute of limitations period should be tolled, and to file a Second Amended Complaint by **June 28, 2024**.

Because this is Mr. Webb's second opportunity to amend his Complaint, no new claims will be permitted, and he may only supplement the Amended Complaint in a Second Amended Complaint including the deliberate indifference claim discussed herein, along with any factual allegations in support of tolling. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). If he fails to do either, or fails to submit a proposed Second Amended Complaint by **June 28, 2024**, this case will be dismissed with prejudice.

Accordingly, Mr., Webb will be afforded an opportunity to file a Second Amended Complaint, as specifically instructed herein.

**II.**         **CONCLUSION**

For the foregoing reasons, Mr. Webb's Amended Complaint is **DISMISSED**.

He may file a Second Amended Complaint by **June 28, 2024**. Any such Second Amended Complaint may only involve the deliberate indifference claim raised in the Amended Complaint and no other claims, and must allege facts suggesting that the statute of limitations period for this deliberate indifference claim should be tolled.

**SO ORDERED** at New Haven, Connecticut, this 24th day of May, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE